# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUINCY ALEXANDER WARNER,<br><br>Defendant. | Case No. 1:13-cr-00238-BLW-01<br><br>**REPORT AND RECOMMENDATION** |

On June 25, 2014, Defendant QUINCY ALEXANDER WARNER appeared before the undersigned United States Magistrate Judge to enter a plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to be prosecuted by Indictment and a waiver of the right to have the presiding United States District Judge take his plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Superseding Information (Dkt. 77), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

**REPORT AND RECOMMENDATION - 1**

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt, the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant had his initial appearance on the Indictment in the Western District of the District of Washington, the District of arrest, on February 25, 2014, before United States Magistrate Judge Brian Tsuchida. At the time, Defendant was released subject to an Appearance Bond and special Conditions of Pretrial Supervision. (Dkt. 37.) Upon his appearance and arraignment before United States Magistrate Judge Mikel Williams on March 3, 2014, the special Conditions of Pretrial Supervision were continued and Defendant returned to Seattle via bus transportation, without objection by the Government. (Dkt. 43, 46.) Following his return to Seattle, Defendant has obtained and maintained employment and contributed to the extent able to the support of his wife and young child. With one exception of an admitted use of methamphetamine in May 2014, Defendant has been compliant with terms of pretrial supervision. Per the supervising Pretrial Services Officer in Seattle, Defendant is scheduled to begin a treatment program for substance abuse on Monday July 1, 2014, and the Officer has

REPORT AND RECOMMENDATION - 2

voiced no concerns with Mr. Warner remaining in the community pending resolution of his case, should Defendant's release be continued. Defendant's appearance for the change of plea hearing was on his own recognizance and at his own transportation expenses. Upon consideration of the above evidence regarding Defendant's pretrial release and supervision in this case, the undersigned finds the collective circumstances constitute exceptional reasons why Defendant's detention would not be appropriate and, accordingly, will recommend that release be continued subject to the conditions previously imposed by Judges Tsuchida and Williams.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant QUINCY ALEXANDER WARNER's plea of guilty to Count One of the Superseding Information (Dkt. 77),

2) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts Two and Three of the Superseding Information (Dkt. 77) and the Indictment as to Defendant, and

3) The District Court continue Defendant's release subject to the Appearance Bond and special Conditions of Pretrial Supervision (Dkt. 37, 46).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

**REPORT AND RECOMMENDATION - 3**

DATED: June 25, 2014

_____
CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE